IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Matthew Anderson, ) | No. CIV 06-0138-PCT-JAT (DKD) |
| )  Petitioner, ) | **REPORT AND RECOMMENDATION** |
| ) vs. ) | |
| ) Dora Schriro, et al., ) | |
| )  Respondents. ) | |

TO THE HONORABLE JAMES A. TEILBORG, U.S. DISTRICT JUDGE:

Eric Matthew Anderson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in Yavapai County Superior Court for sexual assault, aggravated assault and kidnapping, and the imposition of concurrent 28 year prison terms and a consecutive life term. In his petition, he contends that his sentences are unconstitutional. Respondents argue that Anderson's petition is untimely. The Court agrees and recommends that it be denied and dismissed with prejudice.

Following his 1992 convictions, Anderson sought direct review; the Arizona Court of Appeals affirmed his convictions and sentences on May 18, 1993 (Doc. #9, Exh B). Over ten years later, he filed a *pro se* petition for post-conviction relief on November 13, 2003 (*Id.*, Exh C). Counsel filed a Notice of PCR Review on May 10, 2004, indicating that he had reviewed the file and was unable to find any colorable claim, requesting that Anderson be given an extension to file a *pro se* petition; the trial court granted counsel's request (*Id.*, Exh E). On July 15 and July 28, 2004, Anderson filed a *pro se* amended petition, raising a

1 *Blakely* claim (*Id.*, Exh G, H). The trial court summarily dismissed the petition on September 21, 2004, finding that *Blakely* was not retroactively applicable to Anderson's case on collateral review (*Id.*, Exh I). Anderson filed a petition for review on October 13, 2004; the court of appeals denied review on August 10, 2005 (*Id.*, Exh J, K ). He filed his federal petition on December 19, 2005 (Doc. #1).

Anderson was required to file his federal petition within 1 year of the later of two occurrences: the date the judgment of conviction became final in state court, or the effective date of the AEDPA. *See* 28 U.S.C. § 2244(d); *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001). Anderson's case became final on direct review on June 17, 1993, the date upon which the time for filing a petition for review to the Arizona Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A). Therefore, in this case the deadline was April 24, 1997, one year from the effective date of the AEDPA.

However, "the time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *See* 2244(d)(2). A review of the Yavapai County Superior Court docket indicates that Anderson had *nothing* pending in state court from August 16, 1994, until he filed his petition for post-conviction relief on November 13, 2003 - over *six years* past the one-year limitations period. Once the limitations period lapsed, Anderson could not "restart" the period by filing a state court action that would have tolled the limitations period, had it been timely filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

In addition, Anderson is not entitled to equitable tolling. He has not shown extraordinary circumstances beyond his control which made it impossible for him to timely file. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). Anderson's inaction for more than 10 years cannot be excused by his reliance on counsel's opinion in a letter written to him in 1993, following the conclusion of direct review, that "there is no point in pursuing the matter any further as I believe your chances for success are nil" (Doc. #12, App. A).

**IT IS THEREFORE RECOMMENDED** that Eric Matthew Anderson's petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 9th day of May, 2006.

_____
David K. Duncan
United States Magistrate Judge