**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERIC MATTHEW ANDERSON, | ) No. CV-06-0138-PCT-JAT |
| Petitioner, | ) **ORDER** |
| vs. | ) |
| DORA B. SCHRIRO, et al., | ) |
| Respondents. | ) |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"), which was filed on January 11, 2006. This action was referred to Magistrate Judge David K. Duncan, who issued a Report and Recommendation (R&R) on May 9, 2006. In the R&R, the Magistrate Judge recommended that the Petition be denied. On May 18, 2006, Petitioner filed objections to the R&R.

**I. STANDARD OF REVIEW**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); Schmidt v. Johnstone, 263 F.Supp.2d 1219,

1  1126 (D.Ariz. 2003) ("Following <u>Reyna-Tapia</u>, this Court concludes that *de novo* review of

2  factual and legal issues is required if objections are made, 'but not otherwise.'").  However,

3  District courts are not required to conduct "any review at all . . . *of any issue* that is not the

4  subject of an objection."  <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985) (emphasis added); <u>see</u>

5  <u>also</u> 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions

6  of the [report and recommendation] to which objection is made.").  Here, petitioner filed

7  objections on May 18, 2006, disputing the recommendations of Magistrate Judge Duncan.

8  Therefore, pursuant to <u>Reyna-Tapia</u>, the Court is undertaking a de novo review of the

9  petition.

10

11  **II.  FACTUAL AND PROCEDURAL BACKGROUND**

12           The relevant factual and procedural background, for purposes of this Order, is

13  summarized herein.  Following his 1992 convictions for sexual assault, aggravated assault,

14  and kidnapping, Petitioner Anderson sought direct review; the Arizona Court of Appeals

15  affirmed his convictions and sentence on May 18, 1993.  More than ten years later, on

16  November 13, 2003, he filed a *pro se* petition in Yavapai County Superior Court for post-

17  conviction relief.  Anderson's appointed Counsel could find no claim that could reasonably

18  be pursued, and filed a Notice of post-conviction relief (PCR) Review on May 10, 2004.

19  Counsel requested that Anderson be given an extension to file *pro se*, which the trial court

20  granted.  On July 15 and July 28, 2004 Anderson filed a *pro se* amended PCR petition,

21  raising a <u>Blakely</u> claim.  <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  Judge Sterling

22  dismissed the petition on September 21, 2004, finding that <u>Blakely</u> was not retroactively

23  applicable to Anderson's case on collateral review.  Anderson filed a petition for review

24  before the Arizona Court of Appeals on October 13, 2004, which was denied on August 10,

25  2005.  Anderson did not seek discretionary review by the Arizona Supreme Court.  He

26  subsequently filed his federal petition on December 19, 2005.  On May 19, 2006, U.S.

27  Magistrate Judge Duncan issued a R&R recommending denial of the petition.

28

## III.  DISCUSSION

The R&R recommends that the Petition be dismissed as untimely. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which created a 1-year statute of limitations for a state prisoner to file a federal petition for a writ of habeas corpus.  See 28 U.S.C. § 2244(d)(1)(a).  It provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Petitioner's conviction became final before the enactment of the AEDPA, barring tolling, his petition needed to be submitted within one year of the effective date of the statute, or April 24, 1997, to be timely.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner claims that his petition for habeas relief is not untimely.  However, only statutory or equitable tolling can extend the period during which a petitioner can timely file a writ for habeas corpus.  Because neither applies here, the petition must be denied.

### 1.  STATUTORY TOLLING

The one year statute of limitations is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent

1  judgment or claim is pending."  28 U.S.C. § 2244(d)(2); <u>Nino v. Galaza</u>, 183 F.3d 1003,
2  1006 (9th Cir. 1999).

3      Petitioner claims that the disposition of his case was not "final." He argues that the
4  statute of limitations was tolled because the *option* to appeal in state court was still available.
5  Petitioner quotes 13 A.R.S. § 4233, claiming that "a petition [for state post-conviction relief]
6  is specifically made a part of the original action and not a separate action," (implicitly
7  arguing that it was an appeal). Yet, Petitioner fails to note that in the next line the statute
8  states, "It displaces and incorporates all trial court post-trial remedies except post-trial
9  motions and habeas corpus."  Further,  the Arizona Supreme Court held that a petition for
10  post-conviction relief under Rule 32 is not a direct appeal from a judgment under Rule 31...,"
11  rather, "A Rule 32 petition is a collateral attack on a judgment.  It is post-conviction relief
12  "other" than an appeal." <u>Moreno v. Gonzalez</u>, 962 P.2d 205, 208 (1998).  Therefore, the
13  disposition of the case was "final" when Petitioner failed to seek discretionary review at the
14  Arizona Supreme Court in 1993, and the federal habeas statute of limitations began to run
15  from the time of the adoption of AEDPA, expiring April 24, 1997.

16      Petitioner further claims that because his state petition for post-conviction relief was
17  "properly filed," the federal statute of limitations could not run.  Whether the petition is
18  timely turns on what a "properly filed" action is for purposes of 28 U.S.C. § 2244(d)(2).  In
19  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000), the Supreme Court held that an application is
20  properly filed when its delivery and acceptance comply with the applicable laws and rules
21  governing filing. <u>Id.</u>  Such laws and rules, "usually prescribe, for example, the form of the
22  document, *the time limits upon its delivery*, the court and office in which it must be lodged,
23  and the requisite filing fee." <u>Id.</u> (emphasis added).  The Supreme Court has held that a PCR
24  petition that is rejected by the state as untimely is not "properly filed" for purposes of
25  AEDPA. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 410 (2005).

26      Here, Anderson did not file *any* petitions with the court between May 18, 1993 and
27  November 13, 2003.  He argues that <u>Moreno</u> controls, and therefore he is not untimely
28  submitting his federal habeas petition.  In <u>Moreno</u>, the Arizona Supreme Court held that a

1  first PCR petition is not necessarily untimely when the delay was through no fault of the

2  petitioner. 962 P.2d at 207. This Court does not dispute Arizona's construction of its own

3  statute. The *federal* statute of limitations for AEDPA can be tolled by a "properly filed" state

4  proceeding, and thus a habeas petition could be "timely" submitted more than 12 months

5  after final judgment. A *state* statute of limitations for post-conviction relief can be tolled for

6  reasons adopted by the state, and thus a state petition for post-conviction relief can be filed

7  "late" and yet still be "properly filed," if it conforms to a state exception to its own statute

8  of limitations.  See Gaston v. Palmer, 417 F.3d 1030, 1045 (9th Cir. 2005).  These two

9  propositions cannot be construed together to mean that the federal statute of limitations

10  cannot run while some possibility exists that the state statute of limitations can be tolled; that

11  would defeat the legislative purpose contemplated within the AEDPA to limit habeas relief.

12  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). By failing to file any state petition,

13  Anderson was unable to toll the federal statute of limitations and it expired before the filing

14  of his state petition in 2003.

15      Petitioner will also be unable to claim that the "timely" or "proper" filing of a state

16  petition for post-conviction relief can "restart the clock" on the federal statute of limitations.

17  Once the one-year limitations period had elapsed it "could not be restarted." Id. This statute

18  of limitations effects only the ability of the Petitioner to seek federal relief, not state

19  remedies, and the Petitioner may still be able to apply to the State of Arizona for relief.  Id.

20  Because Petitioner failed to file a state PCR petition before the AEDPA statute of limitations

21  ran, statutory tolling did not occur, and Petitioner's ability to bring the claim expired.

22

23      **2. EQUITABLE TOLLING**

24      For Petitioner to be entitled to equitable tolling he must show that extraordinary

25  circumstances beyond his control made it impossible for him to file timely.  See Calderon

26  v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) overruled in part

27  on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir.

28

1   1998) (en banc).  Petitioner advances two arguments that he mistakenly believes constitute
2   extraordinary circumstances.

3        First, Petitioner claims that the legal resources available to him prevented him from
4   timely filing. Second, he claims that the lack of "adequate" legal assistance amounts to an
5   extraordinary circumstance.  The Ninth Circuit Court of Appeals has indicated that in some
6   cases inadequate legal materials could be an "impediment" which justifies late filing, or
7   could form the basis for equitable tolling.  See Whalem/Hunt v. Early, 233 F.3d 1146, 1148
8   (9th Cir. 2000) (en banc).  However, in this instance, the Petitioner had sufficient legal
9   resources and assistance to file this Petition.

10       Here, Petitioner states in his petition that the Department of Corrections (DOC)
11  contracted for paralegal services to assist the inmates.  The paralegals' services constitute an
12  adequate substitute for legal materials.  Further, lack of legal assistance does not amount to
13  extraordinary circumstances justifying tolling the statute of limitations.  See Turner v.
14  Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Although unsupported by the record, Petitioner
15  also claims that the paralegals employed during the relevant period were terminated by the
16  DOC for various improprieties, which he argues should grant him additional tolling.  Even
17  if these claims were true and equitable tolling was granted for this period, Petitioner fails to
18  explain why he failed to file a habeas petition for four additional years.  The prison had long
19  since employed legal services for the inmates' use.  "A party seeking equitable tolling must
20  have acted with reasonable diligence throughout the period he seeks to toll." Beeler, 128 F.3d
21  at 1289.  Here, the Petitioner had adequate legal resources but failed to utilize them during
22  the statute of limitations.  Petitioner acted with undue delay and offers no "extraordinary
23  circumstances beyond his control" that convince this court to grant him additional time to file
24  a habeas petition; his request for equitable tolling is without merit.

25  / / /

26  / / /

27  / / /

28  / / /

1   **IV.  CONCLUSION**

2          Petitioner failed to demonstrate why statutory or equitable tolling should permit him

3   to submit a petition otherwise untimely. Therefore,

4          **IT IS ORDERED** that this Court overrules Petitioner's objections (Doc. #14) and

5   accepts the R&R (Doc. #13); the petition for writ of habeas corpus (Doc. #1) is **DENIED**,

6   and the Clerk of the Court shall enter judgment accordingly.

7          DATED this 7th day of June, 2006.

8

9

10   _____
                            James A. Teilborg
11                     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28